UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

NANCY SANTIAGO OTERO,

    Plaintiff,

      v.

BANCO POPULAR DE PUERTO RICO,
BANCO POPULAR MORTGAGE SERVICING
DIVISION, PRESIDENTE OF THE BOARD
OF DIRECTORS OF BANCO POPULAR
MORTGAGE SERVICING DIVISION,
RESIDENT AGENT OF THE BANCO
POPULAR MORTGAGE SERVICING
DIVISION. INSURANCE COMPANIES
A, B, AND C,

    Defendants.

CIV. NO. 10-2094 (PG)

## OPINION AND ORDER

Pending before the Court is defendants' Banco Popular de Puerto Rico, Popular Mortgage, Inc., and Chairman of the Board of Directors of Banco Popular de Puerto Rico's motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Docket No. 6, 13) and plaintiff Nancy Santiago Otero's opposition thereto (Docket No. 14). For the reasons set forth below, the Court **GRANTS** the defendants' request.

### I. BACKGROUND

On November 8, 2011, plaintiff Nancy Santiago-Otero ("Plaintiff" or "Santiago-Otero") filed the above-captioned claim against Banco Popular de Puerto Rico ("BPPR"), Popular Mortgage, Inc. ("PMI"), and President of the Board of Directors of Banco Popular de Puerto Rico (hereinafter collectively referred to as "Defendants") requesting relief under "The Banks Laws" (12 U.S.C. §§ 371(a), 1707, 1708, 1724, 1841), the "Federal Housing Administration Laws", and "damages and contracts law." See *Complaint*, Docket No. 1.

Plaintiff alleges in her complaint that in March 2010 she bought an apartment at Condominio Torre Alta, 274 Uruguay Street, San Juan Puerto

Rico and Westernbank of Puerto Rico ("Westernbank") granted the mortgage loan for the apartment. Plaintiff alleges that the loan was a Federal Housing Administration loan and that mortgage payments started in May 2010. Plaintiff further alleges that the first payment was of $595.59 and the following eleven payments of $529.06. Also, she claims that the payments were to remain at $529.06 until April 2040. See Docket No. 1, at ¶ 2.

Plaintiff states that when BPPR bought Westernbank in 2010 the mortgage was transferred to BPPR, a banking institution organized and existing under the laws of Puerto Rico. Plaintiff alleges that BPPR sent a payment book for a monthly payment of $595.59, which she states is incorrect because her mortgage loan is a fixed term and rate loan. Plaintiff further alleges that BPPR raised the amount of the payments from $529.06 to $595.59 without her consent or knowledge. Plaintiff claims that the correct amounts of her payments should be $529.06 and she initiated this action seeking that BPPR change the amount of the monthly payments. Plaintiff further alleges that this situation has created emotional pressure and economic problems, and requests redress for the damages suffered in the amount of $500,000.

In their answer, Defendants filed the present motion requesting that Plaintiff's claims against them be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Docket No. 6.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i)

documents annexed to the complaint or fairly incorporated into it, and
(ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513
F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks
omitted).

    In determining whether dismissal of a complaint is appropriate
pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that
"[t]he general rules of pleading require a short and plain statement of
the claim showing that the pleader is entitled to relief. … This short
and plain statement need only give the defendant fair notice of what the
… claim is and the grounds upon which it rests." Gargano v. Liberty
Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal
citations and quotation marks omitted). Nevertheless, "even under the
liberal pleading standard of Federal Rule of Civil Procedure 8, the
Supreme Court has … held that to survive a motion to dismiss, a complaint
must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo
Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp.
v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly,
550 U.S. at 556). That is, "[f]actual allegations must be enough to raise
a right to relief above the speculative level, … , on the assumption that
all the allegations in the complaint are true (even if doubtful in
fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks
omitted). "Determining whether a complaint states a plausible claim for
relief will … be a context-specific task that requires the reviewing
court to draw on its judicial experience and common sense." Iqbal, 129
S.Ct. at 1950.

    "In resolving a motion to dismiss, a court should employ a
two-pronged approach. It should begin by identifying and disregarding
statements in the complaint that merely offer legal conclusions couched
as fact or threadbare recitals of the elements of a cause of action."
Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 9 (1st Cir. April 1,
2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks
omitted). Although a complaint attacked by a motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 9 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 9.

## III. DISCUSSION

Defendants contend that Plaintiff's complaint is facially deficient under Federal Rule of Civil Procedure 8 for failure to state a claim upon which relief can be granted and failure to plead federal jurisdiction. See Docket No. 6.

Federal courts are courts of limited jurisdiction. Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "Motions under Rule 12(b)(1) are brought forth to attack two different types of defects: the pleader's failure to comply with Rule 8(a)(1), and the Court's actual lack of subject matter jurisdiction-which may exist despite the formal sufficiency of the allegations in the complaint." Torres Vazquez v. Commercial Union Ins. Co., 417 F.Supp.2d 227, 236 (D.P.R.2006). A party that seeks the jurisdiction of the federal courts has the burden of demonstrating its existence. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995).

In a non-diversity case, federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To satisfy federal question jurisdiction, a federal question "must appear on the face of a well-pleaded complaint." Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 494 (1983). See also Holquin Soto v. Rodham-Clinton, 609 F.Supp.2d 207, 210 (D.P.R.2009). In addition, "it is up to the plaintiff in a federal case to point this law out; otherwise the Court is powerless to act... It is not enough for [the plaintiff] to say he has been wronged; he must point to the laws that give the federal court the power to act in his case." Orlowski v. Massachusetts Rehab. Comm'n, 585 F.Supp. 1408, 1409 (D. Mass.1984).

It is well settled that the complaint in an action arising under a federal law must specifically disclose the statute involved. Firstly, Plaintiff's complaint does not refer to a violation of the Constitution or treaty. Furthermore, there is no reference to a federal statute that gives this Court jurisdiction over this matter. Plaintiff only mentions federal statutes under "The Banks Laws," the "Federal Housing Administration Laws," and "damages and contracts laws" which do not give this Court jurisdiction. See Complaint Docket No. 1, at ¶ 1.

In her complaint, the Plaintiff fails to specifically assert the basis that allows the court to exert jurisdiction over this case. By doing so, it so seems that the Plaintiff pretends that this court engage in a scavenger hunt of all the available laws and statutes that would give her case any foundation, when according to the rules that is Plaintiff's job in the first place.

Moreover, a plaintiff's complaint needs to include a short and plain statement of the claim showing that the pleader is entitled to relief and stating the grounds upon which this Court's jurisdiction depends. Gargano, 572 F.3d at 48; see also FED.R.CIV.P. 8(a). Under this standard, Plaintiff's complaint fails to include such a statement showing entitlement to relief and this Court's jurisdiction over the suit. "Even under the liberal pleading standard" of Rule 8, Plaintiff's complaint fails to properly set forth her claim of federal question jurisdiction. See Rodriguez-Ortiz, 490 F.3d at 95. Plaintiff's general reference to

federal laws simply will not do.

After a review of the complaint, this Court concurs with Defendants that there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the facts of the case, as alleged, simply are not covered by any of the plead federal statutes. Therefore, Plaintiff's complaint fails to state a plausible claim for relief and thus withstand Defendants' motion to dismiss.

Finally, even if Plaintiff had brought suit pursuant to 28 U.S.C. § 1332(a)(1)[1], as Defendants argue, this Court still lacks subject matter jurisdiction. As stated before, federal courts are courts of limited jurisdiction. "Federal courts have jurisdiction over controversies arising between 'citizens of different states,' provided that the amount in controversy exceeds $75,000." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir.2004); see also 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity between all plaintiffs and defendants. See Casas Office Machines v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir.1994). The Plaintiff in this case is a citizen of the Commonwealth of Puerto Rico. The Defendants are a banking institution and a corporation having its principal place of business in Puerto Rico, thus making them citizens of the Commonwealth of Puerto Rico. Therefore, because both parties are citizens of the same state, there can be no diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's case.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Docket No. 6) is hereby **GRANTED**. Plaintiffs' suit is hereby **DISMISSED WITHOUT PREJUDICE.**

---

[1] § 1332(a)(1). Diversity of Citizenship. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between; (1) citizens of different States..."

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 18, 2011.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE